IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In the Matter of the Tax Indebtedness of:<br><br>GEORGE E. FOX. | )<br>)<br>)   Misc. Case No.: 4:14-mc-03026<br>)<br>)<br>) |

**PETITION FOR JUDICIAL APPROVAL
OF LEVY UPON PRINCIPAL RESIDENCE**

The United States of America petitions the Court for an order approving an administrative levy by the Internal Revenue Service upon the principal residence of George E. Fox, pursuant to 26 U.S.C. § 6334(e). In support of this petition, the United States submits the accompanying Declaration of Revenue Officer Phil Ubben and alleges the following:

1. This proceeding is brought, and the Court's jurisdiction arises, pursuant to 28 U.S.C. §§ 1331 and 1340, and 26 U.S.C.§§ 6334(e)(1)(B) and 7402(a) (Internal Revenue Code, hereinafter "I.R.C.").

2. Section 6334 of the I.R.C. exempts a taxpayer's principal residence (within the meaning of I.R.C. § 121) from an IRS administrative levy, unless such levy is to satisfy a liability that exceeds $5,000, and is approved, in writing, by a United States District Court Judge or Magistrate Judge. *See* I.R.C. §§ 6334(a)(13)(B) & 6334(e)(1)(A); 26 C.F.R. § 301.6334-1(d).

3. The United States seeks approval from the Court for the IRS to levy upon Fox's interest held in the property located at 201 N. Elm Street, Tilden, Nebraska, 68781 (the "Property"). The Property is within this Court's jurisdiction. The Property is Fox's principal residence and there are no other known occupants residing on the Property. The Property is legally described as follows:

>  The West 130 feet of Tax Lot 6 and the North 39.7 feet of the West 130 feet of Tax Lot 7 all in the SE 1/4SW1/4 of Section 18, Township 24 North, Range 4 West of the 6th P.M., Madison County Nebraska and part of Outlet "F" of Pioneer Townsite Company's Subdivision to Tilden, Madison County, Nebraska, described as follows: Beginning at a point 643.5 feet South of the Northeast Corner of the SW1/4SW1/4 of Section 18, Township 24 North, Range 4 West of the 6th P.M., Madison County, Nebraska, thence West 33 feet, thence South 56.2 feet, thence East 33 feet, thence North 56.2 feet to the point of beginning.
>  AND
>
>  The South 56 feet of the West 130 feet of Tax Lot 7 in the SE1/4SW1/4 of Section 18, Township 24 North, Range 4 West of the 6th P.M., Tilden, Madison County, Nebraska, and the East 33 feet of the Out Lot "F" of Pioneer Townsite Company's Subdivision to Tilden, Madison County, Nebraska, adjoining said Tax Lot on the West, more particularly described as follows: Commencing at a point 699.7 feet South of the Northeast Corner of the SW1/4SW1/4 of Section 18, Township 24 North, Range 4 West of the 6th P.M., thence South 56 feet, thence West 33 feet, thence North 56 feet, thence East 33 feet to the place of beginning.
>  AND
>
>  The West 134.4 feet of Tax Lot 8, except that part for State highway, in the Southeast Quarter of the Southwest Quarter of Section 18, Township 24 North, Range 4 West of the 6th P.M., Town of Tilden, Madison County, Nebraska, and that portion of Outlots D, E, & F lying East of Elm Street in Tilden, Madison County, Nebraska, extending South 80.28 feet and 33 feet East of Outlot F, less that part to the State of Nebraska in Tilden, Madison County, Nebraska.

4. To obtain a court's approval for a levy on a principal residence, 26 C.F.R. § 301.6334-(d)(1) requires that the United States demonstrate that:

   a. the underlying tax liability has not been satisfied;

   b. the requirements of any applicable law or administrative procedure relevant to the levy have been met; and

   c. no reasonable alternative for the collection of the taxpayer's debt exists.

5. On the following dates, a delegate of the Secretary of the Treasury made the following federal income tax assessments against Fox for the tax periods listed in the table below. Interest and penalties have accrued according to law from the dates of assessment.

| Tax Period | Assessment Date | Amount of Tax Assessment | Penalties Assessed | Balance as of 10/1/2014 |
|---|---|---|---|---|
| 2001 | 12/19/2005 | $21,597 | $9,874.89 | $40,502.87 |
| 2003 | 10/1/2007 | $902 | $451 | $2,145.49 |
| 2004 | 10/1/2007 | $3,218 | $1,609 | $7,282.86 |
| 2006 | 11/1/2010 | $3,573 | $1,689.67 | $6,909.29 |
| 2007 | 9/27/2010 | $2,233 | $1,060.66 | $4,098.08 |
| 2008 | 12/20/2010 | $10,061 | $4,573.96 | $16,646.42 |
| 2009 | 10/25/2010 | $12,704 | $5,844.40 | $20,828.67 |
| TOTAL | | | | $98,413.68 |

(Ubben Decl. ¶ 5.)

6. Notice of the above-described assessments and demands for payment of the liabilities were sent to Fox. Despite notice and demand, Fox has failed to fully pay the federal income tax liabilities set forth in paragraph 5. As of October 1, 2014, Fox remains indebted to the United States in the amount of $98,413.68, plus statutory additions that have accrued since and will accrue according to law until the liabilities are paid in full. (Ubben Decl. ¶ 6.)

7. The IRS sent Fox final notices of intent to levy in 2009, 2010, and 2011. (*Id*. at ¶ 7(c).) The IRS filed notices of federal tax lien in Madison County on the following dates: March 22, 2006; July 27, 2009; October 28, 2010; November 22, 2010; November 23, 2010; and January 11, 2011. (*Id*. at ¶ 7(b).)

8. The IRS has followed the requirements of applicable law and administrative procedures relevant to a levy upon the Property. (*Id*. at ¶ 7(a)-7(d).)

-4-

9. The IRS has sought to satisfy Fox's unpaid tax liabilities by means other than a levy on the Property, but no reasonable alternative exists to satisfy the unpaid tax liabilities described above. (*Id*. at ¶ 8.)

WHEREFORE, the United States prays that:

A. This Court enter the attached Notice and Order to Show Cause;

B. If no adequate written Objection to the United States' Petition is filed with the Clerk of the Court within 30 days from the date the Order to Show Cause is served on Fox, the Court enter an order approving the administrative levy on the Property described above, to be executed by any authorized officer of the IRS; and

C. If an adequate written Objection to United States' Petition is filed with the Clerk of the Court, the Court set a hearing date for this matter, at which only the objections raised in writing addressing the three elements in paragraph 4, above, shall be considered, and after which the Court may enter a further order approving the administrative levy on the Property, to be executed by any authorized officer of the IRS.

**The United States requests Lincoln, Nebraska, as the location for the hearing in this matter.**

Dated: October 17, 2014.

            DEBORAH R. GILG
            United States Attorney

            TAMARA W. ASHFORD
            Acting Assistant Attorney General

            *s/: Jose A. Olivera*
            JOSE A. OLIVERA
            California Bar No #: 279741
            Trial Attorney, Tax Division
            U.S. Department of Justice
            P.O. Box 7238
            Washington, DC 20044
            Telephone: (202) 353-0703
            Fax: (202) 514-6770
            E-mail: jose.a.olivera@usdoj.gov